UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                              :
Malgorzata Wielkopolan,                                       :
                                                              :       COMPLAINT
        Plaintiff,                                    :
                                                              :
        -against-                                    :
                                                              :       09 Civ. 394 (WHP)
Cosmic Diner, John Demos, Lui Tsinias                         :
John Tsinias                                                  :
                                                              :
        Defendants.                                   :       JURY TRIAL
                                                              :       DEMANDED
-------------------------------------------------------------X

        Plaintiff, through her attorney, alleges upon personal knowledge and information and belief as follows:

## NATURE OF THIS ACTION

1.       This action is brought by Plaintiff to recover damages for defendants' conduct in sexually harassing and retaliating against plaintiff, as well as for other wrongful conduct.

## THE PARTIES

2.       Plaintiff is a resident of Rego Park, New York.  She is a trained and experienced waitress and was employed by Cosmic Diner from approximately June 2005 through May 2008.

3.       Defendant Cosmic Diner, is a restaurant. Its corporate status and/or its official corporate name, if any, is unknown to this plaintiff.  It is located at 888 8th Avenue, New York, New York.

4.       John and Lui Tsinias are brothers and own 85% of Cosmic. John Demos is their nephew and he owns 15 percent.

JURISDICTION AND VENUE

5.      Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, specifically, Title VII of the Civil Rights Act of 1964.  Jurisdiction is also founded upon 28 U.S.C. § 1367(a) in that the court has supplemental jurisdiction over claims that are related to the claims brought pursuant to 28 U.S.C. § 1331.

6.    Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which the events and omissions giving rise to plaintiff's claims occurred.  Venue is also properly placed under 38 U.S.C. § 1391(c) in that defendant does business in this judicial district.

FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7.      Plaintiff was hired as a waitress by the defendants in June 2005 until May 2008 when she was fired.

8.      Defendant John Demo, the manager at the Cosmic Diner, wasted no time in making his feelings about women known to Ms. Wielkopolan.  Demo constantly yelled at the female waitresses and called them names like "bitches" or "whores".  At that time, about 40 people were working at Cosmic as well as 3 owners: Lui and John Tsinias, and their nephew John Demos.  Demos has 15 % share, 85% is owned by his uncles.

 9.    Although he discriminated from the beginning, John Demos became progressively more abusive towards women in 2007.  He made comments on daily basis about how women should be treated, and what their place is in the household, etc.  He said this openly toward his male clients and friends, and joked within earshot of the many women waitresses joke that all women are whores except ones own mother.

10. He made similar comments reading the articles from the "New York Post" : "look at her," he would say for example, "she has a nice ass, probably she likes to be f*cked from the back, all women are whores."

11. He made other comments towards waitresses and women clients on daily basis at least 10-20 times a day, calling women bitches, and regularly using the word bitch : "bitch this, bitch that." He even made sexist comments about female customers, after they left the diner.

12. John Demos behavior towards women was different than towards the men. If he didn't like something a woman would do he yelled at them, but not the men. He even referred to his favorite female workers as "those bitches." If there would be any disagreement between female worker and male worker, it didn't matter who was right or wrong. Demos always took the male worker' side.

13. Plaintiff complained to the uncles (especially John, known as "Big John") repeatedly, but they did nothing or little to stop Demos' abuse. In November and December of 2007, Demos was treating plaintiff abusively and threatened to fire her. Although plaintiff was working very hard, he degraded her work, and said things to the effect of: "after Christmas you will be no longer here, you will not get job at any Diner in New York because you are stupid! I will make sure that you won't get hired at any diner." "Everybody hates you here, you are a bitch!"

14. During this period, Demos made sure that plaintiff's section was more full than the other waitresses, and even if another waitress wanted to help her, Demos didn't let them. While the other waitresses were idle, he would upbraid plaintiff that she was too slow, and " move! move!" Big John said he had a talk with Demos, the abuse abated for

3

a few days, then everything went back to the way it was before: "bitches and whores."

15. Whenever plaintiff approached Lui and Big John, they did nothing about plaintiff's and other women's harassment complaints. They just tried to close the discussion as soon as possible. But it became worse and worse. Since Demos knew that his uncles wouldn't do a thing, he kept verbally abusing them and became untouchable.

16. John Demos often in the kitchen asked plaintiff how she liked to have sex. Most of the time plaintiff would ignore him, other time tell him to stop. But Demos continued the questioning about sex, specifically plaintiff's desires.

17. He liked to see plaintiff's reaction when he asked her sexual question at the front male workers. It was degrading and to plaintiff and she became afraid to say anything because she didn't want to lose her job.

18. Demos became visibly excited to ask questions like: "Do you like to have sex in the back, or the usual way?", "Have you ever had sex with a girl?", "Would you have sex with two men?", "What is your favorite position?", "Have you had sex with a black guy?", "How many guys have you had?".

19. He often talked about his own sexual experiences in the kitchen, not with his wife, but with other women he had before he got married.

20. He have tips to the workers on how he approach women, based on his own experience.

21. He often said that money can buy everything, especially women (because women are hungry for money), and since he made – at least he said this – $ 15,000 a month, he could afford them.

4

22. At time plaintiff was working at Cosmic, she was taking college classes. Demos always made comments like: "College is for stupid people like you!"; "Maybe you should go to school how to be a good waitress." "College is for losers like you, bitch!"; "I didn't go to college, and look I am your boss and I have more money than you, what do you have?", "Why are you going to college, you won't find any job anyway, you are too old!"

23. Many times Demos made personal comments about plaintiff's life like: "How old are you, you are not married, no kids, you have nothing, you are nobody!" "Now you are too old to get married, who would want you anyway?"

24. May 17, 2008 in the evening was busy, and he brought in temporary help, but did not give away any of the male waiters' tables to the new help. Merely the waitresses. He exhibited this kind of sexist behavior, by protecting the male workers' tips on a regular basis. He justified this by making comments such as: "Men are smarter and therefore, better workers."

25. Just before the end of plaintiff's shift on that day, she was talking to and they complained about how they lost tips. Plaintiff said to the other waitress: "John is really crazy and unbelievable, typical malaka." Plaintiff and the owners and many of the workers are Greek and speak Greek the word malaka roughly translated means "out of control."

26. Plaintiff and the other waitress were talking softly and no one else heard but Demos, who jumped toward plaintiff and start yelling at her at the front of everybody, including a few customers. He said: "Don't call me malaka. If you don't like it you can

5

leave this place!". Plaintiff said, "please, leave me alone John, I have to place an order for a customer."

27. So, as plaintiff was walking to the kitchen, Demos followed her, right behind her. As soon as she was in front of the kitchen door, Demos pushed plaintiff with two hands, and she almost down.

28. Somehow, plaintiff managed to keep her balance. Demos cousin Nicko came over and stood between us. John was jelling and screaming. Nicko was holding him to make sure he would not harm her, because John wanted to attack her. Everybody in the kitchen froze.

29. Finally his cousin took Demos outside to cool off. While John was yelling, he was saying that he would call police, because he has friends there and plaintiff embarrassed him, so he would make sure she would go to jail.

30. Plaintiff was shaking and crying, confused and upset, then the shift ended and she went home numb.

31. The next day was a Sunday. Plaintiff came to the diner to talk to Lui, he said that he didn't want to talk to her and told her that she had to talk to Demos. The decision to terminate plaintiff had been made.

32. So, when plaintiff approached Demos, he was in the office, he said to her: "You are finished", he gave her money and she left.

33. As the result of the foregoing, plaintiff has been damaged and sues for redress.

## FIRST CAUSE OF ACTION
## SEX DISCRIMINATION UNDER TITLE VII

34. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

35. Plaintiff was subject to a hostile work environment and subject to differing terms and conditions of employment because of her sex.

36. By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## SEX DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAWS

37. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

38. By virtue of the foregoing, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## AGE DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAWS

39. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

40. Plaintiff was subject to a hostile work environment and terminated in part because of her age.

41. By virtue of the foregoing, Plaintiff has been damaged.

## FOURTH CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

42. Plaintiff repeats and realleges the allegations set forth in previous paragraphs as if fully set forth herein.

43. Plaintiff was terminated in retaliation for engaging in protected conduct in complaining about Demo's sexist comments.

44. As the result of the foregoing, plaintiff as been damaged.

FIFTH CAUSE OF ACTION
RETALIATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAWS

45. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

46. By virtue of the foregoing, Plaintiff has been damaged.

SIXTH CAUSE OF ACTION
ASSAULT

47. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

48. Defendant Demos intentionally placed plaintiff in apprehension of immediate battery.

49. By virtue of the foregoing, Plaintiff has been damaged.

SEVENTH CAUSE OF ACTION
BATTERY

50. Plaintiff repeats and realleges the allegations set forth in all previous paragraphs as if fully set forth herein.

51. Defendant Demos intentionally engaged in bodily contact with plaintiff, and such contact was harmful or offensive in nature.

52. By virtue of the foregoing, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands as follows:

A. Compensatory damages;

B. Punitive damages;

C. Cost of suit and attorneys fees;

    D.    Such other relief as the Court may deem just and proper.

Dated: New York, New York
January 14, 2009

> Gregory Antollino
> **Comment:**

/s/
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
116 West 22nd Street, Fifth Floor
New York, NY 10011
(212) 334-7397